| Fill in this information to identify the case: | |
| --- | --- |
| United States Bankruptcy Court for the: NORTHERN DISTRICT OF TEXAS | |
| Case number *(if known)* _____ Chapter __11__ | ☐ Check if this is an amended filing |

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy          04/25

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
| --- | --- | --- |
| **1.** | **Debtor's name** | **Prospect Provider Group TX, Inc.** |
| **2.** | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | |
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | **81-2478755** |

**4.  Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
| --- | --- |
| **3824 Hughes Ave.** **Culver City, CA 90232** Number, Street, City, State & ZIP Code | |
| | P.O. Box, Number, Street, City, State & ZIP Code |
| **Los Angeles** County | **Location of principal assets, if different from principal place of business** |
| | Number, Street, City, State & ZIP Code |

| | | |
| --- | --- | --- |
| **5.** | **Debtor's website** (URL) | **https://www.pmh.com** |

**6.  Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor    **Prospect Provider Group TX, Inc.**                                          Case number (*if known*) _____
          Name

**7.**  **Describe debtor's business**    A. *Check one:*

☒  Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐  Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐  Railroad (as defined in 11 U.S.C. § 101(44))

☐  Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐  Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐  Clearing Bank (as defined in 11 U.S.C. § 781(3))

☐  None of the above

B. *Check all that apply*

☐  Tax-exempt entity (as described in 26 U.S.C. §501)

☐  Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐  Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes.

____6211____

**8.**  **Under which chapter of the Bankruptcy Code is the debtor filing?**    *Check one:*

☐  Chapter 7

☐  Chapter 9

☒  Chapter 11. *Check all that apply*:

☐  Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

☐  The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐  The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐  A plan is being filed with this petition.

☐  Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐  The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐  The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐  Chapter 12

**9.**  **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

☒  No.
☐  Yes.

District _____  When _____  Case number _____
District _____  When _____  Case number _____

**10.**  **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐  No
☒  Yes.

| Debtor | **Prospect Provider Group TX, Inc.** | | Case number (*if known*) | |
|---|---|---|---|---|
| | Name | | | |

| List all cases. If more than 1, attach a separate list | Debtor | **See Rider 1** | Relationship | **Affiliate** |
|---|---|---|---|---|
| | District | **Northern District of Texas** When **1/11/25** | Case number, if known | **25-80002 (SGJ)** |

---

**11. Why is the case filed in this district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

■ **Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☒ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☒ $10,000,001 - $50   million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☒ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50   million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

Debtor    **Prospect Provider Group TX, Inc.**                                    Case number (*if known*)
_____
          Name

| | Request for Relief, Declaration, and Signatures |
|---|---|

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    07/07/2025
_____
               MM / DD / YYYY

X    _____    **Paul Rundell**
     Signature of authorized representative of debtor    Printed name

Title    **Chief Restructuring Officer**
_____

**18. Signature of attorney**

X   /s/ Thomas R. Califano
_____    Date    07/07/2025
    Signature of attorney for debtor                   MM / DD / YYYY

    Thomas R. Califano
_____
    Printed name

    Sidley Austin LLP
_____
    Firm name

    **2021 McKinney Avenue, Suite 2000**
    **Dallas, TX 75201**
_____
    Number, Street, City, State & ZIP Code

    Contact phone   (214) 981-3300    Email address   tom.califano@sidley.com

    2412285       TX
_____
    Bar number and State

<table>
<tr><td colspan="2" style="background:black;color:white"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

| Fill in this information to identify the case: |
|---|
| United States Bankruptcy Court for the: |
| **Northern District of Texas** |
| (State) |
| Case number *(if known)*: _____     Chapter ___11___ |

☐ Check if this is an
amended filing

## Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "PCo Debtors") filed a petition in the United States Bankruptcy Court for the Northern District of Texas for relief under chapter 11 of title 11 of the United States Code. The PCo Debtors seek joint administration with Prospect Medical Holdings, Inc. and its affiliates' jointly administered cases filed with this Court on January 11, 2025 (Case No. 25-80002 (SGJ)).

- PHP Holdings, LLC
- Prospect Intermediate Holdings, LLC
- Prospect Provider Group TX, Inc.
- Prospect Health Services TX, Inc.
- ProMed Health Care Administrators
- Prospect Medical Systems, LLC
- Prospect Health Services AZ, LLC
- Prospect West Coast ACO Holdings, LLC
- RightRX
- Prospect Medical Group AZ, LLC
- Prospect ACO, LLC
- Prospect CA Holdings (Physicians), Inc.
- Prospect Intermediate Physician Holdings, Inc.
- Prospect Medical Group, Inc.
- New Genesis Medical Associates, Inc.
- Primary and Multi-Specialty Clinics of Anaheim, Inc.
- Care@Home Solutions CA, Inc.
- Upland Medical Group, a Professional Corporation
- Pomona Valley Medical Group, Inc.
- Prospect NWOC Medical Group, Inc.
- Prospect Professional Care Medical Group, Inc.
- StarCare Medical Group, Inc.
- Nuestra Familia Medical Group, Inc.
- Genesis HealthCare of Southern California, Inc., a Medical Group
- Prospect Health Source Medical Group, Inc.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

|  |  |
|---|---|
| In re:<br><br>PROSPECT PROVIDER GROUP TX, INC.<br><br>Debtor. | Chapter 11<br><br>Case No. 25-_____ (____) |

## LIST OF EQUITY SECURITY HOLDERS

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Prospect Intermediate Holdings, LLC | 3824 Hughes Ave., Culver City, CA 90232 | 100% |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

|  |  |
|---|---|
| In re:<br><br>PROSPECT PROVIDER GROUP TX, INC.<br><br>Debtor. | Chapter 11<br><br>Case No. 25-_____ (___) |

## <u>CORPORATE OWNERSHIP STATEMENT</u>

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Prospect Intermediate Holdings, LLC | 100% |

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td colspan="2">Debtor name: Prospect Provider Group TX, Inc.</td></tr>
<tr><td colspan="2">United States Bankruptcy Court for the:  Northern District of Texas</td></tr>
<tr><td colspan="2">Case number (If known):</td></tr>
</table>

☐ Check if this is an
amended filing

Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest
## Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 Gateway Medical Group of San Diego, Inc. 610 Euclid Avenue Suite 302 National City, CA 91950 | Title: Office Manager Email: office@gatewaymedicalgroupsd.com Phone: (619) 527-7700 | Trade Payable | | | | $ 259,604 |
| 2 Medpoint Management Inc. 15301 Ventura Blvd. Building D, Suite 200 Sherman Oaks, CA 91403 | Attn: Manish Dugar Title: Chief Financial Officer Email: mdugar@medpointmanagement.com | Trade Payable | | | | $ 244,484 |
| 3 Riverside University Health System 4095 County Circle Drive Riverside, CA 92503 | Attn: Frederick Drewette Title: Chief Financial Officer Email: fdrewette@ruhealth.org Phone: (951) 486-4000 | Trade Payable | | | | $ 242,076 |
| 4 Helton Law Group APC 1590 Corporate Drive Costa Mesa, CA 92626 | Attn: Carrie McLain Title: Chief Executive Officer Email: cmclain@heltonlawgroup.com | Trade Payable | | | | $ 240,000 |
| 5 Transtreme LLC 2570 Lynn Road Chappell Hill, TX 77426 | Attn: Rick Michel Title: Chief Executive Officer Email: rick.michel@transtreme.com | Trade Payable | | | | $ 218,249 |
| 6 Dao Medical Group Inc. 9191 Westminster Ave. Garden Grove, CA 92844 | Title: Office Manager Email: Info@daomedicalgroup.com Phone: (714) 899-2000 | Trade Payable | | | | $ 208,426 |
| 7 Healthedge Software Inc. 30 Corporate Drive Suite 150 Burlington, MA 01803 | Attn: Matt McLaughlin Title: Chief Financial Officer Email: mmclaughlin@healthedge.com Phone: (855) 437-4067 | Trade Payable | | | | $ 150,655 |
| 8 Canon U.S.A. Inc. One Canon Park Melville, NY 11747 | Attn: Peter Kowalczuk Title: Executive Vice President Email: pkowalczuk@cusa.canon.com | Trade Payable | | | | $ 146,986 |
| 9 Name on File Address on File | Contact Information on File | Trade Payable | | | | $ 138,178 |
| 10 Herald Christian Health Center 3401 Aerojet Avenue El Monte, CA 91731 | Title: Practice Administrator Email: contact@heraldchristianhc.org Phone: (626) 286-8700 | Trade Payable | | | | $ 117,449 |
| 11 The Oncology Institute CA 18000 Studebaker Road Suite 800 Cerritos, CA 90703 | Attn: Rob Carter Title: Chief Financial Officer Email: rob.carter@theoncologyinstitute.com | Trade Payable | | | | $ 104,153 |
| 12 Aetna Better Health of California 10260 Meanley Drive San Diego, CA 92131 | Title: Provider Services Email: ProviderServices_CA@aetna.com Phone: (855) 772-9076 | Trade Payable | | | | $ 99,198 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 13 | Chaparral Medical Group Inc. 840 Towne Center Drive Pomona, CA 91767 | Title: Practice Administrator Email: info@chaparralmedicalgroup.com Phone: (714) 221-6301 | Trade Payable | | | | $ 94,513 |
| 14 | Imagenet LLC 10014 N. Dale Mabry Hwy. Suite 110 Tampa, FL 33618 | Attn: Matt Crockett Title: Chief Financial Officer Email: matt.crockett@imagenetllc.com | Trade Payable | | | | $ 94,212 |
| 15 | Rai Care Centers of Santa Ana LLC 2740 S Bristol Street Suite 110 Santa Ana, CA 92704 | Title: Clinic Manager Email: contact@raicarecenters.com | Trade Payable | | | | $ 93,363 |
| 16 | Pka Medical Corporation 1610 W Edinger Ave. Suite B Santa Ana, CA 92704 | Title: Office Manager Email: info@pkamedical.com | Trade Payable | | | | $ 92,986 |
| 17 | ADP 1 ADP Blvd Roseland, NJ 07068 | Attn: Peter Hadley Title: Chief Financial Officer Email: pHadley@adp.com | Trade Payable | | | | $ 92,532 |
| 18 | Joseph L. Lin M.D. Inc 160 E. Artesia Street Suite 140 Pomona, CA, 91767 | Title: Office Manager Email: info@drjosephlinmd.com | Trade Payable | | | | $ 87,363 |
| 19 | Office Ally Inc 1300 SE Cardinal Court Suite 190 Vancouver, WA 98683 | Attn: James Oliff Title: Chief Financial Officer Email: joliff@officeally.com | Trade Payable | | | | $ 83,399 |
| 20 | Magnolia Medical Imaging Center 14571 Magnolia Street Westminster, CA, 92683 | Title: Office Manager Email: contact@magnoliamedicalimaging.com Phone: (714) 893-1915 | Trade Payable | | | | $ 81,436 |
| 21 | Caremark 100 Great Meadow Road Wethersfield, CT, 06106 - and - One CVS Drive Woonsocket, RI, 02895 | Attn: Samantha Swerdlin Title: Director Email: samantha.swerdlin@caremax.com | Trade Payable | Contingent, Unliquidated, Disputed | | | Undetermined |
| 22 | Neuehealth Advantage ACO, LLC c/o Finlayson Toffer Roosevelt & Lilly LLP 15615 Alton Parkway Suite 270 Irvine, CA 92618 | Attn: T. Kevin Roosevelt And Kalya Y. Wales Title: Counsel Email: kroosevelt@ftrlfirm.com Phone: (949) 759-3810 | Litigation | Contingent, Unliquidated, Disputed | | | Undetermined |
| 23 | Healthcare Justice Coalition De Corp c/o: Law Offices of Gary L. Tysch 16133 Ventura Boulevard Suite 580 Encino, CA 91436 | Attn: Gary L. Tysch Title: Email: gary.tysch@healthcarejusticecoalition.org Phone: (818) 995-9555 | Litigation | Contingent, Unliquidated, Disputed | | | Undetermined |
| 24 | Name on File c/o: The Law Offices of Mary A. Dannelley 160 Newport Center Drive Suite 120 Newport Beach, CA 92660 | Attn: Mary A. Dannelley Title: Founder Email: mary@dannellylaw.com Phone: (949) 252-1600 | Litigation | Contingent, Unliquidated, Disputed | | | Undetermined |
| 25 | Name on File c/o: Smith Clinesmith, LLP 633 West Fifth Street Los Angeles, CA 90017 | Attn: Dawn Smith Title: Managing Partner Email: dawn@fightingelderabuse.com Phone: (214) 953-1900 | Litigation | Contingent, Unliquidated, Disputed | | | Undetermined |
| 26 | Name on File c/o: Law Offices of Kirk Edward Schenck, PC 11811 San Vincente Boulevard Third Floor Los Angeles, CA 90049 | Attn: Kirk Edward Schenck Title: Founder Email: kirkschenck@schenckpc.com Phone: (310) 600-3800 | Litigation | Contingent, Unliquidated, Disputed | | | Undetermined |
| 27 | Name on File c/o: Law Offices of Scott Glovsky, APC 343 Hardvard Avenue Claremont, CA 91711 | Attn: Scott C. Glovsky Title: Founder Email: sglovsky@scottglovskylaw.com Phone: (626) 323-8351 | Litigation | Contingent, Unliquidated, Disputed | | | Undetermined |
| 28 | Prime Healthcare Services c/o: King Spalding LLP 633 West Fifth Street Suite 1600 Los Angeles, CA 90071 | Attn: Daron L. Tooch & Kathryn T. Han Title: Partner Email: dtooch@kslaw.com Phone: (213) 443-4355 | Litigation | Contingent, Unliquidated, Disputed | | | Undetermined |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount.  If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 29 | Keck Medical Center of USC 3551 Trousdale Parkway ADM 352 Los Angeles, CA 90089 | Attn: Marty Sargeant Title: Chief Executive Officer Email: marty.sargeant@med.usc.edu | Litigation | Contingent, Unliquidated, Disputed | | | Undetermined |
| 30 | Name on File c/o: The Law Offices of Jonathan A. Stieglitz 11845 W. Olympic Blvd Suite 800 Los Angeles, CA 90064 | Attn: Jonathan A. Stieglitz Title: Founder Email: jonathan.a.stieglitz@gmail.com Phone: (323) 979-2063 | Litigation | Contingent, Unliquidated, Disputed | | | Undetermined |

**PHP HOLDINGS, LLC**

**PROSPECT INTERMEDIATE HOLDINGS, LLC**

**PROSPECT PROVIDER GROUP TX, INC.**

**PROSPECT HEALTH SERVICES TX, INC.**

**PROMED HEALTH CARE ADMINISTRATORS**

**PROSPECT MEDICAL SYSTEMS, LLC**

**PROSPECT HEALTH SERVICES AZ, LLC**

**PROSPECT WEST COAST ACO HOLDINGS, LLC**

**RIGHT RX**

**PROSPECT MEDICAL GROUP AZ, LLC**

**PROSPECT ACO, LLC**

**PROSPECT CA HOLDINGS (PHYSICIANS), INC.**

**PROSPECT INTERMEDIATE PHYSICIAN HOLDINGS, INC.**

**PROSPECT MEDICAL GROUP, INC.**

**NEW GENESIS MEDICAL ASSOCIATES, INC.**

**PROSPECT HEALTH SOURCE MEDICAL GROUP, INC.**

**GENESIS HEALTHCARE OF SOUTHERN CALIFORNIA, INC., A MEDICAL GROUP**

**NUESTRA FAMILIA MEDICAL GROUP, INC.**

**STARCARE MEDICAL GROUP, INC.**

**PROSPECT PROFESSIONAL CARE MEDICAL GROUP, INC.**

**PROSPECT NWOC MEDICAL GROUP, INC.**

**POMONA VALLEY MEDICAL GROUP, INC.**

**UPLAND MEDICAL GROUP, A PROFESSIONAL MEDICAL CORPORATION**

**CARE@HOME SOLUTIONS CA, INC.**

**PRIMARY AND MULTI-SPECIALTY CLINICS OF ANAHEIM, INC.**

Docusign Envelope ID: 972D5767-C47D-41EA-AC4A-92CE2DG5E469

July 7, 2025

I, Frank Saidara, Secretary of each entity set forth on **<u>Schedule I</u>** attached hereto (the "<u>Companies</u>"), do hereby certify the following:

1.      I am the duly qualified and appointed Secretary of each of the Companies.

2.      Attached hereto as **<u>Exhibit A</u>** is a true, correct, and complete copy of the resolutions (the "<u>Resolutions</u>") duly adopted by the board of directors, the sole member, the shareholder, the manager, or other similar governing authority, as applicable (each, a "<u>Governing Body</u>") of each Company acting pursuant to its respective bylaws, operating agreement or limited liability company agreement (as amended, amended and restated, modified, supplemented, or replaced from time to time, the "<u>Governing Documents</u>").

3.      The Resolutions are not inconsistent with the Governing Documents.

4.      The Resolutions have not been amended, modified, repealed, or rescinded since adopted, and are in full force and effect on and as of the date hereof.

*[Signature page follows]*

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the date first written above.

By: _____

Name:  Frank Saidara

Title:   Secretary

## **EXHIBIT A**

## OMNIBUS WRITTEN CONSENT
## OF THE BOARD OF DIRECTORS, MANAGERS,
## MEMBERS, SHAREHOLDERS OR OTHER SIMILAR
## GOVERNING BODY, OF PHP HOLDINGS, LLC AND EACH
## OF THE COMPANIES SET FORTH ON SCHEDULE I ATTACHED HERETO

### July 7, 2025

THE UNDERSIGNED, being all, or a majority, of the members of the board of managers, of the members of the board of directors, the sole manager, the sole member, or the shareholders, as applicable (each, a "Governing Body" and collectively, the "Governing Bodies") of each entity set forth on **Schedule I** attached hereto (each, a "Company" and, collectively, the "Companies") do hereby consent to, adopt and approve by written consent the following resolutions and each and every action effected thereby with the same force and effect as if they had been adopted at duly convened meetings of the Governing Bodies, and direct that this written consent be filed with the minutes of the proceedings of the relevant Governing Body:

WHEREAS, each Governing Body has considered certain materials presented by, or on behalf of, each Company's management ("Management") and financial and legal advisors (collectively, the "Advisors"), including, but not limited to, materials regarding the liabilities, obligations, and liquidity of the Companies, the strategic alternatives available to the Companies, and the impact of the foregoing on each Company's business and the business of each Company's affiliates;

WHEREAS, each Governing Body has reviewed and considered presentations by Management and the Advisors of each Company regarding the advantages and disadvantages of filing a voluntary petition for relief (the "Bankruptcy Petition") for each Company pursuant to chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (as amended, the "Bankruptcy Code");

WHEREAS, each Governing Body has had adequate opportunity to consult with its Management and the Advisors regarding the materials presented, to obtain additional information, and to fully consider each of the strategic alternatives available to each Company; and

WHEREAS, each Governing Body has determined, in the judgment of each Governing Body, that the following resolutions are advisable and in the best interests of each Company, its interest holders, its subsidiaries, its creditors, and other parties in interest.

Voluntary Petition for Relief under Applicable Bankruptcy Law and Seeking Necessary Relief

NOW, THEREFORE, BE IT RESOLVED, that each Governing Body has considered its fiduciary duties under applicable law in exercising their powers and discharging its duties, to act honestly and in good faith with a view to the best interests of each Company as a whole, and to exercise the care, diligence, and skill that a reasonably prudent person would exercise in comparable circumstances;

RESOLVED FURTHER, that in the judgment of each Governing Body, it is desirable and in the best interests of each Company, its interest holders, its subsidiaries, its creditors, and other

parties in interest that each Company shall be, and hereby is, in all respects authorized to file, or cause to be filed, the Bankruptcy Petition for each Company under the provisions of chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court") or other court of competent jurisdiction, and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States, and, in accordance with the requirements of each Company's Governing Documents and applicable law, hereby consents to, authorizes, and approves, the filing of the Bankruptcy Petition; and

RESOLVED FURTHER, that any director or duly appointed officer of each Company, each acting individually and with full power of substitution (together with any persons to whom such persons delegate certain responsibilities, collectively, the "Authorized Persons") be, and hereby is, authorized to execute and file on behalf of such Company and its subsidiaries all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that such Authorized Person deems necessary or proper to obtain such relief, including, but not limited to, any action necessary or proper to maintain the ordinary course operations of such Company or any of its subsidiaries.

Retention of Professionals

RESOLVED FURTHER, that each of the Authorized Persons, acting individually and with full power of substitution, be, and hereby is, authorized, empowered and directed to employ the following professionals on behalf of each Company: (1) the law firm of Sidley Austin LLP, as general bankruptcy counsel; (2) the firm of Alvarez & Marsal North America, LLC ("A&M"), as financial advisor; (3) Houlihan Lokey, Inc., as investment banker; (4) Omni Agent Solutions, Inc., as claims, noticing, and solicitation agent; and (5) and any other legal counsel, accountants, financial advisors, restructuring advisors, or other professionals such Authorized Person deems necessary, appropriate, or advisable; each to represent and assist such Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any pleadings or responses) and to take any and all actions to advance the rights and obligations of each Company, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Persons be, and hereby is authorized, empowered, and directed, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services;

Appointment of Chief Restructuring Officer

RESOLVED FURTHER, that Mr. Paul Rundell, be and hereby is, appointed the Chief Restructuring Officer of the Companies, as of the date hereof, in accordance with the terms and conditions of the engagement letter entered into between Prospect Medical Holdings, Inc. and its affiliates, on the one hand, and A&M, on the other hand, which terms and conditions shall be and are hereby incorporated by reference;

RESOLVED FURTHER, that Mr. Paul Rundell, be and hereby is, authorized to execute and file on behalf of the Companies all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that Mr. Rundell deems necessary or proper to obtain relief for the Companies, including, but not limited to, any action necessary or proper to maintain

the ordinary course operations or wind down of the Companies, as applicable, and shall be deemed to have such other powers as any Authorized Person is delegated by the Governing Body of each Company pursuant to these resolutions pertaining to the voluntary petition for relief under chapter 11 of title 11 of the United State Code and other applicable bankruptcy or non-bankruptcy law;

Restructuring Support Agreement

RESOLVED FURTHER, that the actions of the Authorized Persons in executing and delivering a Restructuring Support Agreement (the "Restructuring Support Agreement"), dated June 30, 2025, by and among the parties listed in the Restructuring Support Agreement, providing for, among other things, joint administration of the Chapter 11 Cases to facilitate the most efficient and value-maximizing resolution and winddown of the companies shall approve, be, and hereby are, ratified, confirmed, and approved in all respects;

RESOLVED FURTHER that any and all amendments – including but not limited to the Joinder and First Amendment Agreement to Restructuring Support Agreement (the "RSA Joinder"), supplements, or modifications thereto as an Authorized Person shall approve, be, and hereby are, ratified, confirmed, and approved in all respects;

RESOLVED FURTHER that the addition of other company parties to the RSA Joinder by an Authorized Person shall approve, be, and hereby are, ratified, confirmed, and approved in all respects;

RESOLVED FURTHER, that all actions taken by any Authorized Person prior to the date hereof in connection with the negotiation, execution, and delivery of the Restructuring Support Agreement, the RSA Joinder, and any related documents, agreements, or instruments, be, and hereby are, ratified, confirmed, and approved in all respects as the valid and binding acts and deeds of the Company;

RESOLVED FURTHER, that (a) the forms, terms and provisions of the Restructuring Support Agreement, the RSA Joinder, any exhibits annexed thereto, and any documents related thereto, (b) the execution, delivery, and performance thereof, and (c) the consummation of the transactions contemplated thereunder by the Company are hereby ratified, confirmed, authorized, approved, and declared advisable and in the best interest of each Company, which such changes therein and additions thereto as any applicable Governing Body of the Companies executing the same may, in such Authorized Person's discretion, deem necessary or appropriate, it being acknowledged that the execution of the Restructuring Support Agreement, RSA Joinder and such other documents, agreements, instructions and certificates as may be required or contemplated by the Restructuring Support Agreement and RSA Joinder, as applicable, shall be conclusive evidence of the approval thereof;

Cash Collateral, Debtor-in-Possession Financing, and Adequate Protection

RESOLVED FURTHER, that each Company will be extended the benefits, rights, and obligations as necessary or convenient to the conduct, promotion, maintenance, and attainment of the business of each Company, from (1) the use of collateral, including cash collateral, as that term

is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), to the extent applicable, which is security for prepetition secured lenders and their respective agents (collectively, the "Secured Parties"), if any, and (2) the incurrence of senior secured superpriority debtor-in-possession term loan facility under that certain *Senior Secured, Super-Priority Debtor-in-Possession Loan and Security Agreement*, by and among Prospect Medical Holdings, Inc., as the borrower, certain subsidiaries of the borrower from time to time party thereto as guarantors, and the lenders from time to time party thereto, and JMB Capital Partners Lending, LLC or its designees or assignees, as lender, which included a new money term loan facility (as amended, restated, supplemented or otherwise modified from time to time, the "JMB DIP Facility"), pursuant to the *Amended Final Order (I) Authorizing (A) Postpetition Financing and (B) the Use of Cash Collateral; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Granting Adequate Protection to Prepetition Lenders; (IV) Modifying the Automatic Stay; and (V) Granting Related Relief* [Docket No. 698] (the "Final JMB DIP Order");

RESOLVED FURTHER, that it is in the best interest of each Company to extend the JMB DIP Facility to each Company listed on Schedule I attached hereto on the terms set forth in the Final JMB DIP Order, including the grant and allowance of adequate protection liens;

RESOLVED FURTHER, each of the Authorized Persons of each Company be, and hereby is, authorized, directed, and empowered, in the name of and on behalf of each Company, to take such actions and negotiate or cause to be prepared, negotiated, and extend and to execute, deliver, perform, and cause the performance of (a) JMB DIP Facility and the Final JMB DIP Order, (b) such other joinders, agreements, certificates, instruments, notices, receipts, recordings, filings, petitions, motions, or other papers or documents to which each Company is or will be a party, including, but not limited to, any security and pledge agreement or guaranty agreement or joinders thereto (collectively, with the Final JMB DIP Order and all documents related thereto, the "DIP Documents"), and (c) any amendments or modifications to the DIP Documents (with such changes, modifications, additions, deletions, and amendments thereto as any Authorized Person in his or her sole discretion shall deem required, necessary, appropriate, desirable or advisable), the approval of which shall be conclusively established by the execution and delivery thereof; and

RESOLVED FURTHER, that each of the Authorized Persons of each Company be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Company to file or to authorize the agent under the JMB DIP Facility (the "DIP Agent") to file any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation, and any necessary assignments for security or other documents in the name of each Company that the DIP Agent deems necessary or appropriate to perfect any lien or security interest granted under the DIP Orders, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired," and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of each Company and such other filings in respect of intellectual and other property of each Company, in each case as the DIP Agent may reasonably request to perfect the security interests of the DIP

Agent under the Final JMB DIP Order.

<u>Further Actions and Prior Actions</u>

RESOLVED FURTHER, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by each Company's governing documents and applicable law, be, and each of them hereby is, authorized to execute (under hand or under the common seal of each Company if appropriate), acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds and other documents on behalf of each Company relating to the matters authorized herein;

RESOLVED FURTHER, that each of the Authorized Persons, each acting individually and with full power of substitution be, and hereby is, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to perform such further actions and execute such further documentation that such Authorized Person in their absolute discretion deems necessary, appropriate, or desirable in accordance with these resolutions;

RESOLVED FURTHER, that, in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by each Company's governing documents and applicable law, be, and each of them hereby is, authorized to take any and all such other and further actions, and to do all such other deeds and other things as each Company itself may lawfully do, in accordance with its Governing Documents and applicable law, including but not limited to, the negotiation, finalization, execution, acknowledgement, delivery, and filing of any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds, and other documents on behalf of each Company, and the payment of all expenses, including but not limited to filing fees, in each case as such Authorized Person's or Authorized Persons' may, in his/her/its/their absolute and unfettered discretion approve, deem or determine necessary, appropriate, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; such approval, deeming, or determination to be conclusively evidenced by said individual taking such action or the execution thereof;

RESOLVED FURTHER, that each Governing Body has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of each Company, or hereby waives any right to have received such notice; and

RESOLVED FURTHER, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, confirmed and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of each Governing Body.

**IN WITNESS WHEREOF**, the undersigned, constituting the Board of Managers of Prospect Healthcare Facilities Management, LLC, for itself and as the:

1.     manager of PHP Holdings, LLC, as the:
      (a)     sole member of Prospect Intermediate Holdings, LLC, as the:
           (i)     sole member of
               (1)     Prospect Medical Systems, LLC,
               (2)     Prospect West Coast ACO Holdings, LLC, for itself and as the:
                   a.     sole member of Prospect ACO, LLC,
               (3)     Prospect Health Services AZ, LLC, for itself and as the:
                   a.     sole member of Prospect Medical Group AZ, LLC,
               (4)     Prospect Health Services TX, Inc., and
               (5)     Prospect Provider Group TX, Inc.

hereby take the foregoing actions and adopt the foregoing resolutions by unanimous written consent without a meeting, effective for all purposes as of the date first written above:

Samuel S. Lee

Mitchell Lew, M.D.

Von Crockett

Elizabeth Abrams

Alan Carr

Sherman Edmiston

[Signature Page to Unanimous Written Consent]

**IN WITNESS WHEREOF,** the undersigned hereby takes the foregoing actions and adopts the foregoing resolutions by written consent without a meeting in its capacity as the manager of PHP Holdings, LLC, effective for all purposes as of the date first written above:

**PROSPECT HEALTHCARE FACILITIES MANAGEMENT, LLC**

By: _____
Name: Von Crockett
Title: Senior Vice President

[Signature Page to Unanimous Written Consent]

**IN WITNESS WHEREOF,** the undersigned, being the sole director of RightRx, hereby takes the foregoing actions and adopts the foregoing resolutions by written consent without a meeting, effective for all purposes as of the date first written above:

Signed by:

_Von Crockett_

40EF869641DB456...

Name: Von Crockett
Title: Senior Vice President

[Signature Page to Unanimous Written Consent]

**IN WITNESS WHEREOF,** the undersigned, being the shareholder of Prospect Health Source Medical Group, Inc., hereby takes the foregoing actions and adopts the foregoing resolutions by written consent without a meeting, effective for all purposes as of the date first written above:

**PROSPECT MEDICAL GROUP, INC.**

By: _____

Name: Von Crockett

Title: Senior Vice President

[Signature Page to Unanimous Written Consent]

**IN WITNESS WHEREOF,** the undersigned, being the Board of Directors of each of:

1. Prospect CA Holdings (Physicians), Inc.
2. Prospect Intermediate Physician Holdings, Inc.,
3. New Genesis Medical Associates, Inc.,
4. Primary and Multi-Specialty Clinics of Anaheim, Inc.,
5. Prospect Medical Group, Inc.,
6. Genesis Healthcare of Southern California, Inc., a Medical Group,
7. Prospect NWOC Medical Group, Inc.,
8. Nuestra Familia Medical Group, Inc.,
9. StarCare Medical Group, Inc.,
10. Prospect Professional Care Medical Group, Inc.,
11. Pomona Valley Medical Group, Inc.,
12. Upland Medical Group, A Professional Medical Corporation, and
13. Care@Home Solutions CA, Inc.

hereby takes the foregoing actions and adopts the foregoing resolutions by written consent without a meeting, effective for all purposes as of the date first written above:

Signed by:

*Mitchell Lew, M.D.*

20BB527DCCFC4AD...

_____

Mitchell Lew, M.D.

[Signature Page to Unanimous Written Consent]

Docusign Envelope ID: DE610D7B-5FFC-4DB3-92F3-38C64922E204

**IN WITNESS WHEREOF**, the undersigned, constituting the Board of Directors of ProMed Health Care Administrators, hereby takes the foregoing actions and adopts the foregoing resolutions by unanimous written consent without a meeting, effective for all purposes as of the date first written above:

Signed by:

David Topper

EA50A7E1EA7D490...

_____

David Topper

Signed by:

Von Crockett

48EF983041DD456...

_____

Von Crockett

[Signature Page to Unanimous Written Consent]

**IN WITNESS WHEREOF**, the undersigned hereby takes the foregoing actions and adopts the foregoing resolutions by written consent without a meeting in its capacity as the Manager of PHP Holdings, LLC, in its capacity as the sole member of Prospect Intermediate Holdings, LLC, for itself and as the sole member of (i) Prospect Medical Systems, LLC, (ii) Prospect West Coast ACO Holdings, LLC, (iii) Prospect Health Services AZ, LLC, (iv) Prospect Health Services TX, Inc., and (v) Prospect Provider Group TX, Inc., effective for all purposes as of the date first written above:

**PROSPECT HEALTHCARE FACILITIES MANAGEMENT, LLC**

By: _____

Signed by:

*Von Crockett*

48EF983041DD456...

Name: Von Crockett
Title:   Senior Vice President

[Signature Page to Unanimous Written Consent]

**IN WITNESS WHEREOF,** the undersigned hereby takes the foregoing actions and adopts the foregoing resolutions by written consent without a meeting in its capacity as the managing member Prospect Intermediate Holdings, LLC, effective for all purposes as of the date first written above:

 

**PHP HOLDINGS, LLC**
By: Prospect Healthcare Facilities Management, LLC
Its: Manager

 

Signed by:

By: _Von Crockett_
Name: Von Crockett
Title: Senior Vice President

[Signature Page to Unanimous Written Consent]

**IN WITNESS WHEREOF,** the undersigned hereby takes the foregoing actions and adopts the foregoing resolutions by written consent without a meeting in its capacity as the managing member of: (a) Prospect Medical Systems, LLC, (b) Prospect Provider Group TX, Inc., and (c) Prospect Health Services TX, Inc., effective for all purposes as of the date first written above:

**PROSPECT INTERMEDIATE HOLDINGS, LLC**

By: _____
Name: Von Crockett
Title: Senior Vice President

[Signature Page to Unanimous Written Consent]

**IN WITNESS WHEREOF**, the undersigned hereby take the foregoing actions and adopt the foregoing resolutions by written consent without a meeting in its capacity as the sole member of Prospect ACO, LLC effective for all purposes as of the date first written above:


**PROSPECT WEST COAST ACO HOLDINGS, LLC**

By: _____
Name:  Von Crockett
Title:   Senior Vice President


[Signature Page to Unanimous Written Consent]

**IN WITNESS WHEREOF,** the undersigned hereby takes the foregoing actions and adopts the foregoing resolutions by written consent without a meeting in its capacity as managing member of Prospect Medical Group AZ, LLC, effective for all purposes as of the date first written above:

**PROSPECT HEALTH SERVICES AZ, LLC**

By: _____
Name: Von Crockett
Title: Senior Vice President

[Signature Page to Unanimous Written Consent]

Docusign Envelope ID: BE61067B-5EFC-4DB3-92F2-38C64922E304

**IN WITNESS WHEREOF,** the undersigned hereby takes the foregoing actions and adopts the foregoing resolutions by written consent without a meeting in its capacity as the sole member of Prospect West Coast ACO Holdings, LLC , effective for all purposes as of the date first written above:

**PROSPECT INTERMEDIATE HOLDINGS, LLC**

By: _____ *Von Crockett*

Name: Von Crockett
Title: Senior Vice President

[Signature Page to Unanimous Written Consent]

**IN WITNESS WHEREOF,** the undersigned hereby takes the foregoing actions and adopts the foregoing resolutions by written consent without a meeting in its capacity as the sole member of Prospect Health Services AZ, LLC, effective for all purposes as of the date first written above:

**PROSPECT INTERMEDIATE HOLDINGS, LLC**

By: _____
Name: Von Crockett
Title: Senior Vice President

[Signature Page to Unanimous Written Consent]

## Schedule 1

**PHP HOLDINGS, LLC**
**PROSPECT INTERMEDIATE HOLDINGS, LLC**
**PROSPECT PROVIDER GROUP TX, INC.**
**PROSPECT HEALTH SERVICES TX, INC.**
**PROMED HEALTH CARE ADMINISTRATORS**
**PROSPECT MEDICAL SYSTEMS, LLC**
**PROSPECT HEALTH SERVICES AZ, LLC**
**PROSPECT WEST COAST ACO HOLDINGS, LLC**
**RIGHTRX**
**PROSPECT MEDICAL GROUP AZ, LLC**
**PROSPECT ACO, LLC**
**PROSPECT CA HOLDINGS (PHYSICIANS), INC.**
**PROSPECT INTERMEDIATE PHYSICIAN HOLDINGS, INC.**
**PROSPECT MEDICAL GROUP, INC.**
**NEW GENESIS MEDICAL ASSOCIATES, INC.**
**PROSPECT HEALTH SOURCE MEDICAL GROUP, INC.**
**GENESIS HEALTHCARE OF SOUTHERN CALIFORNIA, INC., A MEDICAL GROUP**
**NUESTRA FAMILIA MEDICAL GROUP, INC.**
**STARCARE MEDICAL GROUP, INC.**
**PROSPECT PROFESSIONAL CARE MEDICAL GROUP, INC.**
**PROSPECT NWOC MEDICAL GROUP, INC.**
**POMONA VALLEY MEDICAL GROUP, INC.**
**UPLAND MEDICAL GROUP, A PROFESSIONAL MEDICAL CORPORATION**
**CARE@HOME SOLUTIONS CA, INC.**
**PRIMARY AND MULTI-SPECIALTY CLINICS OF ANAHEIM, INC.**

| Fill in this information to identify the case and this filing: |
| --- |

Debtor Name    Prospect Provider Group TX, Inc.

United States Bankruptcy Court for the:    Northern    District of    Texas
                                                                        (State)

Case number (*If known*):    _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

| | Declaration and signature |
| --- | --- |

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐    *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐    *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐    *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐    *Schedule H: Codebtors* (Official Form 206H)

☐    *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐    Amended *Schedule ____*

■    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

■    Other document that requires a declaration  List of Equity Security Holders and Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    07/07/2025            ✘ _____
                MM / DD / YYYY                      Signature of individual signing on behalf of debtor

                                        *DocuSigned by:*
                                        *Paul Rundell*
                                        4C315E3F4293460...

                                        Paul Rundell
                                        Printed name

                                        Chief Restructuring Officer
                                        Position or relationship to debtor